By the Court.—O’ Gorman, J.
The plaintiff and the defendant agreed to go into business together, the plaintiff furnishing money “as a special deposit but to be used in the business.” He was to be a silent partner, and to take no active part in the business, and to have an interest of one- *28 fourth in the business. The defendant was to be the active partner, giving his time and personal attention to the business and doing all that was necessary to make it successful, and was to have a three-quarter interest in said business. At the time of the dissolution of the partnership, the plaintiff’s special deposit amounted to $1,326. The business was not successful; no profits were realized, and the losses exhausted the available assets, including a considerable, share" of plaintiff’s “special deposit.”
The only question in the case, is whether the defendant can be called on to make good the deficiency in proportion to his three-fourths interest in the business.
The learned referee held that the plaintiff was entitled to take the assets, and after paying the claims of the creditors of the firm to apply the remainder to payment of the balance due and unpaid on his special capital account, and if any surplus remained, that it was to be divided between him and the defendant in the proportion of one-fourth to the plaintiff and three-fourths to the defendant; and the referee did not allow the claim of the plaintiff against the defendant, for contribution, in order to make up the deficiency, which appeared on account of plaintiff’s special deposit..
There has been some difference of opinion among jurists, as to the rule of equity to be applied in these cases, and the question was discussed with great care and erudition by Judge Hoffman in Hasbrouck v. Childs (3 Bosw. 105). The opinion sustained by the weight of authority, is that when one member of a partnership puts money into the business, but gives to it no time or attention, and expends upon it no skill or labor, while the other partner contributes no money, but does contribute his time, attention, labor and skill to make the business productive, that his_ contribution of labor, etc., is to be set against- the money contribution of the other ; that in case of failure, his loss of labor, etc., is to be set against the money loss of the other, and that each loss is to be borne exclusively by the loser without any right to contribution from the other. This rule is not *29 inflexible, and each case must be decided according to its own circumstances, and the intention of the parties to be deduced therefrom ; and these were questions which it was within the province of the referee, in the case at bar, to determine on the evidence before him.
His decision was, in my opinion, correct, and the judgment should be affirmed, with costs of this appeal.
Sedgwick, Ch. J., and Freedman, J., concur.